# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CHEO MANN NARINE,

      **Petitioner,**

v.                              **Case No.  8:09-cv-1005-T-30TGW**

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      **Respondents.**

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* (hereinafter referred to as "Petitioner"), brings this petition pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent filed a response (Dkt. 14), and Petitioner filed a reply (Dkt. 17).  Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. § 2254(d) and (e).

## BACKGROUND

On September 17, 2002, Petitioner was charged by Information with one count of second degree murder.  The jury found Petitioner guilty of second degree murder as charged. On August 4, 2004, Petitioner was sentenced to 40 years in prison with a 25-year minimum mandatory term.  Petitioner filed a direct appeal, raising two issues:

Issue I
THE TRIAL COURT ERRED IN DENYING MR. NARINE'S MOTION TO SUPPRESS STATEMENTS AND ADMISSIONS.

Issue II
THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY FROM DR. BUFFINGTON REGARDING THE EFFECTS OF KETAMINE.

On August 12, 2005, the Second District Court of Appeal of Florida filed a per curiam silent affirmance of Petitioner's judgment and sentence. The mandate was issued on September 7, 2005.

On April 19, 2006, Petitioner filed a Motion for Postconviction Relief and memorandum of law pursuant to Florida Rule of Criminal Procedure 3.850. Petitioner raised five grounds alleging ineffective assistance of trial counsel. Petitioner filed an amended motion for postconviction relief on March 2, 2007, adding two new allegations of ineffective assistance of counsel. Finally, on May 17, 2007, Petitioner filed a second amended motion, adding two more claims of ineffective assistance of counsel.

On March 10, 2008, the state court issued an order denying in part, dismissing, in part, and reserving ruling, in part, on all three aforementioned motions. The court renumbered the nine claims raised by Petitioner and summarily denied grounds one, two, three, four, five, six, and eight. The court dismissed ground seven without prejudice with leave to amend and reserved ruling on ground nine. On March 31, 2008, Petitioner filed an amended motion for postconviction relief which amended ground seven and added a tenth ground, claiming counsel was ineffective for not allowing Petitioner to testify at trial. On April 25, 2008, the court issued an order summarily denying grounds seven and nine on their merits and denying

the tenth ground as untimely. Petitioner filed a motion for rehearing, which the postconviction court denied on June 5, 2008.

Petitioner appealed the adverse rulings and on April 1, 2009, the Second District Court of Appeal of Florida filed a per curiam silent affirmance of the denial of postconviction relief. Petitioner filed a petition for rehearing which was denied on May 6, 2009. The mandate was issued on July 15, 2009.

On May 28, 2009, Petitioner filed the instant petition. (Dkt. 1). Petitioner raises twelve grounds for relief:

Ground One
THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION TO SUPPRESS STATEMENTS AND ADMISSION.

Ground Two
THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY FROM AN EXPERT WITNESS CONCERNING THE DRUG KETAMINE AND ITS AGGRESSIVE EFFECT WHEN ABUSED.

Ground Three
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL CRITICAL EXCULPATORY WITNESSES.

Ground Four
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ALLOW PETITIONER TO TESTIFY IN HIS OWN BEHALF AT TRIAL.

Ground Five
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INTRODUCTION OF INADMISSIBLE EVIDENCE ON THE GROUNDS OF IRRELEVANCY AND LACK OF PROPER PREDICATE/FOUNDATION.

Ground Six
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE STATE'S CLOSING ARGUMENTS WHICH STATED THINGS NOT IN

EVIDENCE AND MISCHARACTERIZED THE TESTIMONY OF EDWARD LINIHAN, THE FIREARM EXPERT.

Ground Seven
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO INADMISSIBLE HEARSAY TESTIMONY WHEN DETECTIVE HOOVER TESTIFIED THAT HIS INVESTIGATION LED TO PETITIONER.

Ground Eight
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO SUPPRESS PETITIONER'S CONFESSION ON THE GROUNDS THAT THE MIRANDA WARNING WAS INADEQUATE IN THAT IT FAILED TO INFORM PETITIONER THAT HE HAD A RIGHT TO COUNSEL PRIOR TO QUESTIONING.

Ground Nine
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL WHERE THE CHARGING DOCUMENT WAS DEFECTIVE AND THE PREJUDICIAL INFORMATION, ALTHOUGH DELETED, WAS STILL READ TO THE JURY AND NO CURATIVE INSTRUCTION WAS GIVEN.

Ground Ten
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A DIFFERENT JURY VENIRE WHERE THE PROSECUTOR'S COMMENTS CALLED THE JURY TO FOCUS ON THE POSSIBLE PUNISHMENT FOR THE CRIME AND CONTRIBUTED TO THE GUILTY VERDICT.

Ground Eleven
TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A SPECIAL JURY INSTRUCTION THAT PETITIONER WAS A JUVENILE.

Ground Twelve
INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE CUMULATIVE EFFECT OF ERRORS.

In response, Respondent argues that Petitioner fails to meet the threshold requirements for relief under § 2254 (d) and (e).[1] (Dkt. 6). Respondent also argues that some of Petitioner's claims should be dismissed for failure to raise a federal constitutional issue and as procedurally barred.

Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth herein, the Court agrees that Petitioner is not entitled to habeas relief.

## STANDARD OF REVIEW

### I. AEDPA

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

---

[1] Respondent concedes that the petition was timely filed pursuant to 28 U.S.C. § 2254 (d).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision.  See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255  (11th Cir. 2002).  Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## II.    Ineffective Assistance of Counsel Claims

Petitioner raises allegations of ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points).  First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 466 U.S. at 694.

Petitioner must prove both prongs of Strickland. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. Id., 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,....that course should be followed.");Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

## DISCUSSION

Since Petitioner's convictions were entered after AEDPA was enacted, the instant petition is subject to the provisions thereof. Moreover, because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

## I.    Ground I

In Ground I, Petitioner argues that the trial court erred in denying his motion to suppress statements and admissions. Prior to trial, Petitioner's counsel filed a written motion

to suppress a confession or admissions illegally obtained and argued that Petitioner did not knowingly, voluntarily, and intelligently waive his federal and state constitutional right to remain silent because his statements were obtained after the law enforcement officials failed or refused to allow his parents to be present during questioning. The trial court held an evidentiary hearing on the motion and filed a written order denying the motion to suppress. In the order, the trial court stated:

> In his Motion, Defendant requests that the Court suppress any and all written or oral statements or admissions obtained from the Defendant by the police or other agents of the State of Florida. Defendant claims that his statements were obtained in violation of his constitutional rights. Defendant further claims that he did not knowingly, voluntarily, and intelligently waive his right to remain silent. Moreover, Defendant claims that the statements he made as a juvenile, were obtained after law enforcement failed or refused to allow his parents to be present during questioning.

> The Supreme Court of Florida in State v. S.L.W., 465 So. 2d 1231 (Fla. 1985), held that "the determination whether statements are admissible against the accused is to be made upon an inquiry into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel." The Supreme Court of Florida further held that "[t]his totality-of-the circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved." Id. "The totality approach permits - - indeed, it mandates - inquiry into all the circumstances surrounding the interrogation." "This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of the Fifth Amendment rights, and the consequences of waiving those rights." Id.

> After reviewing the testimony and evidence presented on June 11, 2003 and July 24, 2003, the arguments of both counsel, the court file, and the record, the Court finds that prior to interviewing the Defendant, the Defendant was advised of his Miranda Rights. The Court finds that prior to administering the polygraph examination, both the Defendant and his parents executed a

Polygraph Examination Consent form and a written Miranda Rights form. The Court also finds that the Defendant was seventeen (17) years old at the time he was interviewed by police. The Court further finds that at no time during the investigation did the Defendant ask to have his parents present and the Defendant made no indication to police that he did not wish to discuss the incident with them. The Court finds that the environment of the interview was not oppressive. Moreover, the Court finds that the Defendant has a prior criminal history, and has been advised of his Miranda warnings in the past. Consequently, the Court finds that under the "totality of the circumstances" the Defendant knowingly, voluntarily, and intelligently waived his Miranda Rights. As such, no relief is warranted.

(Dkt. 14, Ex. 18: Vol. 1: R59-60).

The voluntariness of a confession, whether made by a juvenile or an adult, is evaluated on the basis of the totality of the circumstances surrounding that confession. Fare v. Michael C., 442 U.S. 707, 725 (1979). The totality-of-the-circumstances test includes consideration of the following factors: the juvenile's (1) age; (2) experience; (3) education; (4) background; and (5) intelligence; as well as (6) whether he has the capacity to understand the warnings given him. Neloms v. McDonough, 2008 WL 4186972, *10 (S.D .Fla. 2008) (citing Fare, 442 U.S. at 725-27).

In the instant case, the state court accepted sufficient and substantial evidence at the suppression hearing to make a voluntariness determination that comported with the standard enunciated by the Supreme Court in Fare. These factors include, but are not limited to, the facts that Petitioner was 17 years old at the time of questioning, he was twice given Miranda warnings, both he and his parents signed the Miranda waiver form and the consent to polygraph testing forms, Petitioner never asked that his parents be present, and Petitioner had prior experience with the criminal justice system where he had waived his Miranda rights.

Also, there was no indication that conditions were coercive or abusive, or that Petitioner was of low intelligence.

As set forth in <u>Neloms</u>, other courts have arrived at the same conclusion on cases presenting similar facts involving juveniles. 2008 WL 4186972, *14 (listing the following cases: <u>Fare v. Michael C.</u>, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979) (permitting voluntary waiver of rights by a sixteen year old); <u>Paxton v. Jarvis</u>, 735 F.2d 1306 (11th Cir. 1984) (finding confession of an accused one month short of his sixteenth birthday, after being in custody for twenty hours and having only a soft drink and perhaps some crackers but no opportunity to sleep, to be voluntary); <u>Hardaway v. Young</u>, 302 F.3d 757 (7th Cir. 2002) (refusing, pursuant to AEDPA, to reverse state-court finding that confession of a fourteen year-old, after being left for an interrogation room for eight hours, outside the presence of any friendly adult, was voluntary); <u>United States v. Male Juvenile</u>, 121 F.3d 34 (2d Cir. 1997) (finding confession of a sixteen year-old with some evidence of learning disabilities, who declined offer to speak to his mother before continuing interrogation, was admissible)).

Accordingly, the state court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law or an unreasonable determination of the facts in light of the evidence. Thus, Ground I must be denied.

## II.     Ground II

In Ground II, Petitioner contends the trial court erred in excluding testimony from Dr. Buffington regarding the effects of the drug Ketamine. After hearing argument of counsel on this issue the trial court ruled:

I'm going to rule that based on my earlier record and based on the case law, in order for the defense to be able to put before the jury testimony that Ketamine was ingested, there would have been would have had to be a laying of a proper predicate showing that some overt act by the deceased at or about the time of the slaying reasonably indicated the need for action in self-defense or defense of another and also evidence on introducing – there must have been evidence introduced that the illegal substance found in the decedent's body caused or contributed to the decedent's conduct.

Now, it's undisputed that there was no Ketamine found in the decedent's body. That, again, reiterating the only evidence before the Court was the one statement that the decedent made to one of the witnesses saying something about a cat tranquilizer.

My ruling is that that's not reliable. That it's - - it doesn't meet the requirements of Quintana. It doesn't meet the requirement of Street v State, which was furnished to me by the State before the break, a Supreme Court case, 636 So. 2nd 1297; that rather than aiding the jury would more likely have the effect of confusing or misleading the jury for all the reasons previously stated.

There's no indication, other than Dr. Buffington's, [sic] statement that a cat tranquilizer is Ketamine. There's no testimony as to the amount taken, when taken, or even if taken. And the tests don't indicate that it was taken. I don't think it has probative value to the extent that there is any probative value from letting Dr. Buffington speculate about that.

I think it's substantially outweighed by the danger of unfair prejudice; however, I will allow Dr. Buffington to talk about those substances actually tested for and found; the methamphetamines, the cannabis and so on. He may testify about the fact that those substances were found, the fact that in his view what affect those would have on an individual.

But I want the Defense to be careful and to speak to Dr Buffington. You probably already have, because I don't want him to talk about any hearsay statements contained in police reports about Special K. There's nothing before the jury about Special K or - - I don't want to hear anything about Ketamine, Special K, cat tranquilizers and so on because it's just not in evidence, other than the one reference I already mentioned.

He may testify about the affects [sic] that this would have on, him on the decedent, based on a hypothetical question from facts in evidence; that if you assume that the decedent was doing X, Y, Z, is that consistent with someone who had ingested methamphetamines or whatever else is on the test? That's fine. That's appropriate.

(Dkt. 14, Ex. 18: Vol. 7: T779-81).

Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims which are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983); Wainwright v. Goode, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

Ground II relates to the trial court's ruling based on an issue of purely state law. Moreover, the Court finds that even if Petitioner had raised a federal constitutional issue on this claim, the trial court's failure to include testimony from Dr. Buffington regarding the effects of the drug Ketamine did not deprive Petitioner of due process or a fair trial. Accordingly, Ground II must be denied.

## III. Ground III

In Ground III, Petitioner argues that trial counsel was ineffective for failing to call Florida Department of Law Enforcement (FDLE) expert Linihan to present favorable testimony concerning gunshot residue and fingerprint evidence on the firearm used in the crime. This claim was raised in ground seven of the 3.850 Motion. The state court denied relief on this claim stating:

> In ground seven, Defendant alleges ineffective assistance of counsel for failing to call an expert in gun residue as a witness for the defense. . . He alleges that counsel "knew who to contact in order to get the results of [fingerprint and gun residue] tests but simply failed to do so." He claims there was a reasonable probability the jury would have come to a different result had they had access to the evidence of the aforementioned tests because it would have "called into question [his] sudden and suspicious confession." Defendant states counsel's deficient performance prejudiced him because the reliability of the verdict was undermined.

> During trial, Detective Jorge Fernandez testified regarding Defendant's confession. Det. Fernandez explained how Defendant was brought to his office by his mother and stepfather, and he explained the steps he took to advise Defendant of his *Miranda* rights. He testified that Defendant's mother was present as he explained each right and that Defendant waived each right. Det. Fernandez testified that Defendant did not appear to have any difficulty understanding his rights. Both Defendant and his mother signed the *Miranda* form. After being advised of his rights, Defendant confessed to shooting the victim.

> In light of Defendant's confession that he fired the gun, there is no reasonable probability that the results of the residue test would have affected the outcome of the trial. The record demonstrates that Defendant is not entitled to relief. Counsel was not deficient for failing to call an expert in gun residue as a witness for the defense. **Ground seven is denied.**

(Dkt. 14, Ex. 10) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland. Accordingly, Ground III must be denied.

## IV.     Ground IV

In Ground IV, Petitioner claims that his trial counsel was ineffective for failing to allow Petitioner to testify in his own behalf at trial. Petitioner raised this claim as ground ten in his 3.850 Motion and the state court denied the claim on procedural grounds, finding it was untimely filed. Specifically, the state court ruled:

> Defendant adds another ground ten to the instant Amended Motion, claiming his "right to effective assistance of counsel was violated where trial counsel refused to allow the defendant to testify despite his insistence that his version of events be heard." The Second District Court of Appeal (Second DCA) Mandate in Defendant's case was issued on September 7, 2005. The time to file additional grounds expired on September 7, 2007, two years from the date Defendant's direct appeal concluded and the Second DCA issued its Mandate. **Ground ten is denied**.

(Dkt. 14, Ex. 10) (internal citations omitted).

Federal courts must dismiss claims that have been explicitly ruled procedurally barred by the highest state court considering the claims. Harris v. Reed, 489 U.S. 255 (1989). See also Rodwell v. Singletary, 113 F. Supp. 2d 1308 (M.D. Fla. 2000) (finding that federal habeas courts cannot reach the merits of procedurally defaulted claims). The procedural bar can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. See

<u>Wainwright v. Sykes</u>, 433 U.S. 72, 97 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986).

As set forth herein, the state court dismissed this ground as procedurally barred. Additionally, Petitioner has not demonstrated any reason which would avoid the procedural bar. Accordingly, this claim is procedurally barred. However, even if Ground IV had been properly raised, it would have been denied because Petitioner cannot show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Thus, Ground IV must be denied.

## V.    Ground V

In Ground V, Petitioner claims that trial counsel was ineffective for failing to object to the introduction of inadmissible evidence on the grounds of irrelevancy and lack of proper predicate or foundation. Petitioner argued this claim in ground one of his 3.850 Motion and the state court denied this claim, stating:

> In ground one, Defendant alleges ineffective assistance of counsel for failure to object to the introduction of inadmissible evidence on the grounds of irrelevancy and lack of proper predicate/foundation. Specifically, Defendant claims that counsel should have objected to the State's introduction of the victim's blood. Defendant claims that there was no proper foundation because none of the witnesses testified that the blood was the victim's. Defendant asserts the photos should not have been admitted because they did not prove or disprove whether Defendant committed the crime, nor did they establish the identity, or injuries of the victim.

> The test for admission of photographic evidence is admissibility, not necessity. <u>See</u> <u>Wyatt v. State</u>, 641 So. 2d 355 (Fla. 1994). Defendant is incorrect in his assertion that the photographs were irrelevant. During trial, medical examiner, Dr. Spitz, testified for the purpose of interpreting the victim's wounds and injuries, and how the interaction of these factors ended in the victim's death. Photographic evidence of a victim's body and wounds are admissible to accompany a medical examiner's testimony, to depict the

manner of death, the location of the wounds, and the identity of the victim. See Jackson v. State, 545 So. 2d 260 (Fla. 1989). Moreover, the photographs may be used to illustrate or explain the testimony of a witness, such as a medical examiner. See Scarlett v. Ouellette, 948 So. 2d 859 (Fla. 3d DCA 2007).

The Court finds the photographs were relevant and admissible at trial, and thus, counsel had no basis for a valid objection. The failure to raise non-meritorious issues cannot constitute ineffective assistance of counsel, as a defendant suffers no prejudice as a result. See Chandler v. Dugger, 634 So. 2d 1066, 1068 (Fla. 1994). Therefore, counsel cannot be deemed ineffective for failing to object, nor has Defendant suffered prejudice as a result. **As such, ground one of Defendant's Motion is hereby denied.**

(Dkt. 14, Ex. 8).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland. Accordingly, Ground V must be denied.

## VI.     Ground VI

In Ground VI, Petitioner claims that trial counsel was ineffective for failing to object to the State's closing arguments which stated facts not in evidence and which mischaracterized the testimony of Edward Linihan, the firearm examiner. Petitioner raised this claim as ground two in his 3.850 Motion and the trial court denied this claim, stating:

In ground two, Defendant alleges ineffective assistance of counsel for failure to object during closing arguments when the Prosecutor stated things not in evidence and mischaracterized the testimony of Edward Lenihan, the firearm examiner.

The State is given considerable latitude during its closing argument. See Gallon v. State, 455 So. 2d 473 (Fla. 5th DCA 1984). In addition, the

prosecutor may comment on facts in evidence, or, make a fair inference from these facts. See McKenzie v. State, 830 So. 2d 234 (Fla. 4th DCA 2002). Moreover, logical inferences from evidence discussed during closing are permissible. See Frierson v. State, 339 So. 2d 312 (Fla. 3d DCA 1976).

A review of the record reflects that the State's closing was consistent with Mr. Lenihan's testimony. A further review of the record reflects that the State utilized portions of Mr. Lenihan's testimony in order to support its theory of the case, that the Defendant was familiar with the firearm and willfully shot the victim. Furthermore, the trial court instructed the jury not to consider the final arguments as evidence.

In regards to Defendant's claim, the Court finds the Prosecutor's comments were not improper, and thus, counsel had no basis for a valid objection. The failure to raise non-meritorious issues cannot constitute ineffective assistance of counsel, as a defendant suffers no prejudice as a result. Therefore, counsel cannot be deemed ineffective for failing to object, nor has Defendant established that he suffered prejudice as a result. **As such ground two of Defendant's Motion is hereby denied.**

(Dkt. 14, Ex. 8) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland. Accordingly, Ground VI must be denied.

## VII.   Ground VII

In Ground VII, Petitioner claims that trial counsel was ineffective for failing to object to inadmissible hearsay testimony elicited when Detective Hoover testified that his investigation led to Petitioner. Petitioner raised this claim as ground three in his 3.850 Motion and the trial court dismissed this claim, stating:

> In ground three, Defendant alleges ineffective assistance of counsel for failure to object to inadmissible hearsay testimony when Detective Harry Hoover testified that his investigation led to the Defendant.
>
> However, the Court finds Defendant's contention is irrelevant because he fails to demonstrate prejudice. The issue at trial was whether the firearm was accidentally or purposefully fired. There was no issue in this case regarding Defendant's whereabouts at the time of the incident, and further, Defendant's confession included a description of the sequence of events of the night in question. The Court finds that Defendant has failed to establish counsel was deficient, or how this alleged hearsay testimony prejudiced the outcome of the trial. **As such, ground three of Defendant's Motion is hereby denied**

(Dkt. 14, Ex. 8) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied <u>Strickland</u>. Accordingly, Ground VII must be denied.

## VIII. Ground VIII

In Ground VIII, Petitioner alleges that trial counsel was ineffective for failing to suppress Petitioner's confession on the grounds that the Miranda warning was inadequate in that it failed to inform Petitioner that he had a right to counsel prior to and during questioning. Petitioner raised this claim as ground four in his 3.850 Motion and the trial court dismissed this claim, stating:

> In ground four, Defendant appears to allege ineffective assistance of counsel for failure to suppress Defendant's confession on the grounds that the Miranda warning was inadequate. Specifically, Defendant alleges the warnings failed to inform the Defendant that he had a right to counsel *prior* to questioning.

A review of the record reflects that a portion of the Miranda warning was as follows:

> I have the right to remain silent. If I do make a statement, it can be and will be use [sic] said [sic] against me in Court. I have the right to the presence of an attorney. If I cannot afford an attorney, one will be appointed to me without charge *before* questioning. If I wish to make any statement, I may invoke my right to an attorney or to remain silent at any time *during* questioning. I understand these rights, and no one has threatened, coerced or promised me anything in order to induce me to makes [sic] a statement. I presently wish to make a statement and/or answer questions without an attorney present.

> The Court finds the warning did inform Defendant of his right to counsel prior to, and during questioning. Moreover, the failure to raise non-meritorious issues cannot constitute ineffective assistance of counsel, as a defendant suffers no prejudice as a result. Therefore, Defendant has failed to establish how counsel was ineffective, or how counsel's failure to file a motion to suppress on the issue mentioned above prejudiced the outcome of the trial. **As such, ground four of Defendant's Motion is hereby denied.**

(Dkt. 14, Ex. 8) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied <u>Strickland</u>. Accordingly, Ground VIII must be denied.

## IX. Ground IX

In Ground IX, Petitioner argues trial counsel was ineffective for failing to move for mistrial on the basis that the charging document was defective and the prejudicial information, although deleted, was still read to the jury and no curative instruction was given. Petitioner specifically refers to the language "Aggravated Assault With a Firearm" stated in

the Information.  Petitioner raised this claim as ground five in his 3.850 Motion and the trial

court dismissed this claim, stating, in pertinent part:

> The Court finds Defendant has failed to establish that he suffered prejudice by
> the removal of the language, or that a curative instruction was warranted.  The
> Court notes that defense counsel did in fact make an objection, which the trial
> court overruled.  Therefore, given the trial court's ruling on the objection,
> Defendant has failed to establish that the outcome would be different had
> counsel moved for a mistrial.  **As such, ground five of Defendant's Motion
> is hereby denied.**

(Dkt. 14, Ex. 8).

To receive habeas relief, Petitioner must prove that the state court unreasonably

applied federal law, or made an unreasonable determination of the facts in light of the

evidence.  28 U.S.C. § 2254(d).  Petitioner has failed to meet this burden.  The state court

reasonably applied Strickland.  Accordingly, Ground IX must be denied.

## X.     Ground X

In Ground X, Petitioner alleges that counsel was ineffective for failing to request a

different jury venire where the prosecutor's comments called the jury to focus on the possible

punishment for the crime and contributed to the guilty verdict.  Petitioner raised this claim

as ground six in his 3.850 Motion and the trial court dismissed this claim, stating:

> In ground six, Defendant alleges ineffective assistance of counsel for
> failure to request a different venire.  Defendant alleges the final jury
> instructions shall not include the penalty for a noncapital murder case.
> Defendant, citing to the transcript, claims that the Prosecutor told the jury the
> death penalty was not an issue.  Defendant contends this statement made the
> jury focus on the possible punishment, thereby contributing to the guilty
> verdict.

Effective January 1, 1985, Rule 3.390(a), Florida Rules of Criminal Procedure was amended to read as follows:

> (a) The presiding judge shall charge th jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge *shall not* instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial. (Emphasis added).

During trial, the prosecutor stated "...let me assure you right now that the death penalty is not an issue in this case, that this is not a capital murder. It's not a first degree murder."

The record reflects the Prosecutor did comply with Florida Rule of Criminal Procedure 3.390(a). In addition, the trial court never informed the jury the possible sentence that might be imposed for Second Degree Murder. Moreover, the jury instructions did not include the possible sentence for the offense of Second Degree Murder. Upon review of the record, the Court finds there was no valid basis for counsel to make such a request for a different venire. Furthermore, Defendant has failed to demonstrate how the alleged focus on the possible punishment contributed to the guilty verdict. Therefore, Defendant has failed to establish that counsel was ineffective, or that the result of the trial would have been different. **As such, ground six of Defendant's Motion is hereby denied.**

(Dkt. 14, Ex. 8) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably applied Strickland. Accordingly, Ground X must be denied.

## XI. Ground XI

In Ground XI, Petitioner claims trial counsel was ineffective for failing to request a special jury instruction as to the fact that Petitioner was a juvenile when he gave his

confession. Petitioner raised this claim as ground eight in his 3.850 Motion and the trial court

dismissed this claim, stating:

> In ground eight, Defendant alleges ineffective assistance of counsel for failure to request special jury instructions. Defendant alleges the trial Judge did not include the fact that Defendant was a juvenile when he read the instructions to the jury regarding the voluntariness of his confession. Defendant contends the absence of such a clarification was misleading and confused the jury. Defendant claims the jury could have interpreted the statement to mean that parents of juveniles are not allowed to be present during police interrogation.

> The record reflects the trial Judge instructed the jury that "the law does not prohibit nor require the defendant, Cheo Narine, to have his parent or parents present while giving a statement." However, defense counsel did file a Motion to Suppress Defendant's confession based on the argument that Defendant was a juvenile and his parents were entitled to be present during interrogation. Subsequently, the trial court denied the Motion based on the totality of the circumstances, stating that the Defendant and his parents signed a valid Miranda waiver form prior to questioning.

> Furthermore, the Court notes that there is not an "affirmative obligation on the part of the police to notify a juvenile's parents prior to questioning." *Frances v. State*, 857 So. 2d 1002, 1003-1004 (Fla. 5th DCA 2003). Therefore, Defendant has failed to show that a curative instruction would have been permissible given that the instructions as written were legally sufficient, and thus, Defendant has failed to establish that counsel was ineffective, or that he suffered prejudice as a result. **As such, ground eight of Defendant's Motion is hereby denied.**

(Dkt. 14, Ex. 8) (internal citations omitted).

To receive habeas relief, Petitioner must prove that the state court unreasonably applied

federal law, or made an unreasonable determination of the facts in light of the evidence. 28

U.S.C. § 2254(d). Petitioner has failed to meet this burden. The state court reasonably

applied <u>Strickland</u>. Accordingly, Ground XI must be denied.

## XII.   Ground XII

In Ground XII, Petitioner contends trial counsel was ineffective due to the cumulative effect of counsel's errors.  The state court reasonably denied this claim for the reason that the court found no error in counsel's performance.  As all of Petitioner's individual claims are without merit, his cumulative error claim must fail.  See, e.g., United States v. Taylor, 417 F.3d 1176, 1183 (11th Cir. 2005); see also, Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987) (Petitioner could not obtain habeas relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."); United States v. Easter, 66 F.3d 1018, 1023 (9th Cir. 1995) (The court having found no error in the district court's rulings, there is, a priori, no cumulative effect error).

Accordingly, Ground XII must be denied.

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.   The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

2.   The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1005.2254.wpd