UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHEO MANN NARINE,

    Petitioner,

-vs-                                                      Case No.  8:09-CV-1005-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondents.
_____/

## **ORDER**

      Before the Court is Petitioner's Application for Certificate of Appealability (Dkt. 20) which the Court also construes as a Notice of Appeal of the Court's March 3, 2010 order denying Petitioner's petition for the writ of habeas corpus (see Dkt. 18).   "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

When the Court denied Petitioner's 28 U.S.C. § 2254 petition, it also determined that Petitioner was not entitled to a certificate of appealability or to proceed on appeal *in forma pauperis* (see Dkt. 18 at pgs. 23-24).[1] Nothing in Petitioner's Application for Certificate of Appealability convinces the Court that Petitioner has made a substantial showing of the denial of a constitutional right.

Accordingly, the Court **ORDERS** that Petitioner's Application for Certificate of Appealability (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
        Counsel of Record

---

[1] See Rule 11(a), Rules Governing Habeas Corpus Cases under Section 2254 (2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."